# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

GERTRUDE JONES, Respondent, v. WILLIAM R. MORGAN, Appellant.

*Action to recover the value of goods, lost through the negligence of the bailee—when their purchase price may be proved on the question of damages.*

Appeal from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The plaintiff, in April, 1875, stored a large and valuable quantity of household furniture and other property in a building owned by the defendant and known as No. 12 Washington Place. It was designed that it should remain there while the plaintiff and her husband were in Europe, which it was contemplated might cover a period of several years. They did, however, return in 1876, when the property was found in the same condition in which they had left it, and they went again to Europe in the summer of that year, returning finally in November, 1877. During their second absence most of the property deposited in the building had been removed and feloniously misappropriated by the persons who had charge of it under the defendant, and it was to recover the value of that which had been so taken that the action in this case was brought.

After reviewing at length the evidence, the court at General Term said : " The property consisted of household furniture, works of art and ornaments of a valuable description. They had been purchased mostly by the plaintiff several years before the arrangement for their storage was made, and had been used as such articles ordinarily are during the intermediate period of time. For the purpose

of ascertaining their value she was permitted, as a circumstance only having a bearing upon that subject, to state the prices which she had paid for the purchase of the property.

This was objected to by the counsel for the defendant, and an exception was taken to the ruling of the court allowing the evidence to be given. That exception is now relied upon in support of the appeal, and the case of *Beach* v. *Raritan, etc., Railroad Company* (37 N. Y., 457) has been cited as sustaining the propriety of this objection. But in that case the barge which was the subject of controversy was susceptible of direct proof as to its value, because it was exposed to the daily observations of a class of persons familiar with the value of such property, while that which was the subject of controversy in this action would not probably attract the attention of persons observing it, to such an extent as to enable them to give evidence concerning its value at the time when it was taken from the place where it had been deposited for storage and misappropriated. If the plaintiff had been restricted to direct proof of the value of the property at or near that time, it is evident that no redress could possibly be afforded for the injury and loss which she had sustained. For that reason it was a matter of strict necessity that evidence of a different character should be produced and relied upon, not as controlling in the case, but as a basis from which, in view of succeeding circumstances, a fair valuation of the property might be ascertained. Upon this subject no unbending rule of law exists. But what is required is that reliable and satisfactory evidence shall be produced from which the value of the property in controversy may be ascertained with a reasonable degree of certainty. In the case already referred to it was stated that the admissibility of evidence of the price for which property sold depends upon the special circumstances of each case. (Id., 470.) In ordinary cases it is confined to the time when the right to demand payment accrued, or to a reasonable period either before or after that time. (*Dana* v. *Fiedler*, 2 Kernan, 41 ; *Cary* v. *Gruman*, 4 Hill, 625.)

But where the circumstances of the case indicate the necessity of a broader range of inquiry, it certainly should be permitted to be made for the purpose of obtaining the ends of justice. This was a case of that nature. For it appeared by the testimony of a witness who was engaged in the manufacture and sale of furniture,

that articles of this description which had been in use for the period they were owned by the plaintiff had no market value. If testimony on the cost of the articles, together with proof showing the extent of their depreciation since the time of their purchase, and the manner in which they had been used, could not be received for the purpose of enabling the jury to place a proper valuation upon them, then a practical denial of justice would be the result. There is no rigid or unbending rule of the law requiring such a sacrifice of right to the mere consideration of legal forms. The evidence which was allowed to be given formed a reliable standard from which, with other testimony, the value of this property could be ascertained. And that testimony was given by showing the use which had been made of the articles, and the extent to which that use and the changes in styles would reduce the original cost price of the property. Very clear, satisfactory evidence upon this subject was given by the witnesses Herts and Leavitt, the first of whom placed the depreciation below the purchase-price paid at the time when the property was bought at over fifty per cent, and the other at about thirty or forty per cent. This evidence with that already given formed an intelligent, reliable and proper mode of indicating the probable value of the property in controversy at the time when it was taken by the persons who had been placed in charge of it by the defendant in this action; and no other mode of ascertaining its value seemed to be practicable under the circumstances of this case. For that reason it was admissible, and the objection which was taken by the defendant was properly overruled by the court

*J. R. Flanders* and *A. J. Requier*, for the appellant.

*Algernon S. Sullivan*, for the respondent.

DAVIS, P. J. and BRADY, J., concurred in the foregoing portion of opinion by DANIELS, J., but dissent from the conclusion reached by him on another point, and direct an affirmance of the judgment.

Judgment and order affirmed.